#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

#### CHARLESTON DIVISION

| | |
|---|---|
| **FARRIS E. MALLO,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2:24-00100 |
| **MR. RUSSELL MASTON,** *et al.*, | ) |
| **Defendants.** | ) |

### ORDER TRANSFERRING CASE

On February 29, 2024, Plaintiff, proceeding *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs (Document No. 1) and a Notice of Intent to File Suit/Complaint seeking relief for alleged violations of his constitutional and civil rights pursuant to 42 U.S.C. § 1983 (Document No. 2). In his Notice of Intent to File Suit/Complaint, Plaintiff names the following as defendants: (1) Mr. Russell Maston, Superintendent of Saint Marys Correctional Center; (2) Mrs. Kristen Nichols, Unit Manager of 76-1; (3) Mrs. Nichols, IPO; and (4) Mr. Martin Logan, Council of 76-1. (Document No. 2.) Plaintiff appears to allege that the above Defendants are violating his constitutional right by failing to assist Plaintiff in obtaining an acceptable home plan for his release on parole. (Id.)

Section 1983 does not contain a specific venue provision. See 42 U.S.C. § 1983. Thus, the Court determines venue under the general venue provision established by 28 U.S.C. § 1391(b). See Waytes v. City of Charlottesville, 153 F.3d 725 (4th Cir. 1998)(Applying Section 1391(b) to determine proper venue in a Section 1983 action); also see Brodt v. County of Harford, 10 F.Supp.3d 198, 200-03 (D.D.C. 2014)(same); In re Farrakhan, 327 Fed.Appx. 408 (4th Cir. 2009)(same); Burton v. Taylor, 2019 WL 13066948 (N.D.W.Va. June 4, 2019)(same); Smith v.

State Judicial Court of Tazewell County Virginia, 2014 WL12820145, * 2 (S.D.W.Va. April 29, 2014)(same); Howard v. Birchfiled, 2009 WL 3617224 (W.D.Okla. Oct. 28, 2009)("Because 42 U.S.C. § 1983 does not contain a specific venue provision, venue for a § 1983 action is determined by the general venue statute, 28 U.S.C. § 1391(b)."). Section 1391(b) provides as follows:

> (b) A civil action may be brought in:
>
> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district which any defendant is subject to the court's personal jurisdiction with respect to such action.

Accordingly, Plaintiff's Section 1983 action may be heard in a venue where all defendants reside, or in the venue where the issue substantially arose.

Upon initial screening, Plaintiff appears to be challenging events that occurred during his confinement at Saint Marys Correctional Center, which is located in Saint Marys, West Virginia. Thus, "a substantial part of the events or omissions giving rise to the claim" occurred in Saint Marys, West Virginia, which is located within the Northern District of West Virginia.[1] Further, there is no indication that any of the named defendants reside in this District. Accordingly, the United States District Court for the Northern District of West Virginia, is a proper venue with jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1402(b). Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying in the wrong division or district

---

[1] The undersigned notes that this Court has neither made a determination concerning the merits of Plaintiff's Complaint, nor has the Court ordered a response from Defendants.

2

shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Pursuant to 28 U.S.C. § 1404(a) and in the interest of justice, this matter is hereby **TRANSFERRED** to the United States District Court for the Northern District of West Virginia, Clarksburg Division, for further consideration. The Clerk is directed to transmit Plaintiff's file to the Clerk of Courts at the United States District Court for the Northern District of West Virginia.

Plaintiff is hereby advised that this matter will be assigned a new case number and will be assigned to a new judicial officer by the Clerk's Office for the United States District Court for the Northern District of West Virginia. The Clerk is directed to mail a copy of this Order to Plaintiff.

ENTER: March 6, 2024.

Omar J. Aboulhosn
United States Magistrate Judge